UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER JAMES CARR,

    Petitioner,

v.

RONALD HAYNES,

    Respondent.

Case No. C17-1326-RAJ-MAT

ORDER GRANTING PETITIONER LEAVE TO FILE A SECOND AMENDED HABEAS PETITION

    This is a 28 U.S.C. § 2254 habeas action. Petitioner Peter Carr's amended habeas petition raises one ground for relief: insufficient evidence. Dkt. 9 at 5. Specifically, he claims that his "constitutional right to due process was violated when the State of Washington failed to provide sufficient evidence, at trial, to prove the essential elements of both of the [charged] crimes . . . ." *Id.* The State's answer is directed to the sufficiency of the evidence introduced at trial. Dkt. 22. Petitioner's response, however, complains that the State did not address his claims that his due process rights were violated when the police did not collect and turn over exculpatory evidence, and that his conviction was based on perjured testimony that was elicited through prosecutorial misconduct. Dkt. 25 at 7-8, 15-16; *see also* Dkt. 9-1 (Appendix to Pet.'s Am. Pet.). He also complains about the adequacy of the jury instructions, which he alleges the jury did not understand.

ORDER GRANTING PETITIONER
LEAVE TO FILE A SECOND AMENDED
HABEAS PETITION - 1

Dkt. 25 at 18-20. Each of these issues falls outside the scope of a challenge based on the sufficiency of the evidence, which is the only federal habeas claim properly raised here.[1]

Given petitioner's *pro se* status, the Court GRANTS him leave to file, **within 30 days** of the date of this Order, an amended habeas petition that adds any additional claims he intended to raise. Petitioner is reminded that the Court may consider only federal habeas claims that have been exhausted in the state courts and are not barred by the statute of limitations. In addition, petitioner is advised that an amended petition acts as a *complete substitute* for all previously filed petitions; thus it must include *all* of his federal habeas claims.

If petitioner does not file a second amended petition, the Court will address his sufficiency of the evidence claim on the current record. If petitioner does file a second amended petition, respondent shall file a supplemental answer within 30 days and re-note the original answer accordingly to allow petitioner time to respond.

The Clerk is directed to RE-NOTE respondent's answer, Dkt. 22, for 30 days from the date of this order, send petitioner the proper forms so he may file a second amended petition, and direct copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 6th day of February, 2018.

Mary Alice Theiler
United States Magistrate Judge

---

[1] In reviewing a claim of insufficiency of the evidence to support a conviction, a federal habeas court must view the evidence in the light most favorable to the prosecution. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Evidence is sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Thus the jury is entitled to believe the State's evidence and to disbelieve the defense's evidence. *Wright v. West*, 505 U.S. 277, 296 (1992). On habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Coleman v. Johnson*, 566 U.S. 650, 132 S. Ct. 2060, 2062 (2012) (per curiam) (quoting *Cavazos v. Smith*, 565 U.S. 1 (2011) (quoted source omitted)).

ORDER GRANTING PETITIONER
LEAVE TO FILE A SECOND AMENDED
HABEAS PETITION - 2